1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   TOM COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  THOMAS R. GREEN (CABN 203480)
   Assistant United States Attorney
5
     1301 Clay Street, Suite 340S
6    Oakland, CA 94612
     Telephone: (510) 637-3695
7    Fax: (510) 637-3724
     E-Mail: Thomas.Green@usdoj.gov
8
9  Attorneys for United States of America

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  UNITED STATES OF AMERICA,          )  CASE NO.: 17-CR-00452 JSW
                                       )
14        Plaintiff,                   )  ORDER DETAINING DEFENDANT
                                       )
15     v.                              )  **AS MODIFIED**
                                       )
16  KEVIN HAMPTON,                     )
                                       )
17        Defendant.                   )
                                       )
18  _____)

19

20                     **ORDER OF DETENTION**

21       On or about June 22, 2022, the Court issued an arrest warrant in connection with a Form 12

22  charging defendant with various violations of supervised release, including violating the mandatory

23  condition that defendant not commit any federal, state or local crime.  Defendant was charged with

24  being a felon in possession of a firearm and various other state crimes after he was arrested by Oakland

25  Police Officers and found in possession of a firearm on his person on or about June 21, 2022.

26       A detention hearing was held on August 17, 2022, with the Court and all parties appearing at the

27  hearing in person.  Defendant was represented by his attorneys Edwin Prather and Jason Leung.  United

28  States Probation Officer Chris Loman was also present at the hearing, with Officer Loman

1   recommending that defendant be detained pending resolution of the Form 12.  The parties submitted

2   proffers and arguments.

3          The defense argued that defendant had already been released by a state court judge with an ankle

4   monitor and that the conditions imposed by the state court judge were sufficient to assure the safety of

5   the community and defendant's appearance at future proceedings.  The government argued that the

6   nature of the allegations against defendant in connection with his arrest on June 21, 2022 demonstrated

7   that defendant represented both a danger to the community and a flight risk.  Government counsel

8   summarized aspects of the police report associated with defendant's arrest, including defendant

9   struggling with the police when they attempted to detain him after observing a suspected firearm in his

10  waistband and defendant grabbing the firearm during the struggle.  Government counsel also

11  summarized the police report's description of defendant's attempt to flee from the police and hospital

12  personnel after the police took him to a hospital to address any possible injuries defendant may have

13  suffered on account of the struggle with police.  Defendant fled from the police at the hospital after

14  handcuffs were removed from him for the purpose of taking x-ray images.  The defense did not contest

15  or rebut the government's description of the facts alleged in the police reports generated following

16  defendant's arrest.

17         Since Defendant is charged with a supervised release violation, Defendant bears the burden of

18  establishing that he is not a flight risk or a danger to the community by clear and convincing evidence.

19  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143.  If there is probable cause to believe the defendant

20  committed another state, federal or local crime while on supervised release, there is a presumption that

21  there are no conditions or combination of conditions that the court can impose to mitigate the risk of

22  flight or danger to the community. *See* 18 U.S.C. § 3148.

23         Upon consideration of the court file, including the allegations in the Form 12, the parties'

24  proffers at the detention hearing, and the Probation Officer's recommendation of detention, the Court

25  finds that Defendant has failed to meet his burden to show by clear and convincing evidence that he is

26  not a flight risk or danger to the community.

27         This Order supplements the Court's findings at the detention hearing and serves as written

28   findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

ORDER DETAINING DEFENDANT

17-CR-00452 JSW                                            2

1    The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining

2  whether detention is warranted.  In reaching its decision, the Court has considered those factors,

3  including:

4       (1)  the nature and circumstances of the offense charged;

5       (2)  the weight of the evidence against the person;

6       (3)  the history and characteristics of the person including, among other considerations, ties to

7            the community, employment, past conduct and criminal history, and record of court appearances;

8            and,

9       (4)  the nature and seriousness of the danger to any person or the community that would be posed

10           by the person's release.

11  See 18 U.S.C. § 3142(g).

12       After considering all of the facts and proffers presented at the hearing, including the information

13  contained in the Pretrial Services report, the Court also finds that no condition or combination of

14  conditions will reasonably assure defendant's appearance at future proceedings or the safety of any other

15  person and the community. Thus, the Court orders the defendant detained pending resolution of the

16  charges in the Form 12.

17       Accordingly, pursuant to 18 U.S.C. §§ 3142 and 3148, IT IS HEREBY ORDERED THAT:

18       (1)    Defendant is committed to the custody of the Attorney General for confinement in a

19              corrections facility separate, to the extent practicable, from persons awaiting or serving

20              sentences or being held in custody pending appeal;

21       (2)    Defendant be afforded reasonable opportunity for private consultation with his counsel;

22              and,

23       (3)    on order of a court of the United States or on request of an attorney for the government,

24              the person in charge of the corrections facility in which Defendant is confined shall

25              deliver Defendant to an authorized Deputy United States Marshal for the purpose of any

26              appearance in connection with a court proceeding.

27  //

28  //

ORDER DETAINING DEFENDANT
17-CR-00452 JSW                                        3

1   IT IS SO ORDERED.

2        August 23, 2022                                    _____
                                                            THE HONORABLE KANDIS A. WESTMORE
3                                                           United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DETAINING DEFENDANT
17-CR-00452 JSW                                4